

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806     www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

January 26, 2017

**VIA ECF**

Hon. Richard J. Sullivan
United States District Judge
40 Foley Square
New York, NY 10007

      Re:    <u>Griffin, et. al. v. Sheeran, et. al.</u>, No. 16-cv-6309(RJS)

Dear Judge Sullivan:

      We are counsel for Defendants Atlantic Recording Corporation ("Atlantic") and Warner Music Group Corp. ("WMG"). I write in brief response to the submission of Plaintiffs' counsel, Mr. Frank, in response to Your Honor's Order To Show Cause dated January 23, 2017. Because it is not relevant to the issue raised by Your Honor's OSC, I will refrain from commenting on Mr. Frank's conception of what is and what is not "blatancy and/or fundamental egregiousness of the copyright infringement at issue herein" other than to say we are confident, based on the facts and based on an expert analysis by a highly respected musicologist, that we provided to Mr. Frank's partner, Ms. Rice, in October 2015, that there is no viable infringement claim here.

      I turn instead to several statements made by Mr. Frank. First, as to the diligent efforts and supposed difficulty of locating Atlantic Recording Corporation, Warner Music Group and Sony/ATV Music Publishing, LLC, last evening I went on the New York Secretary of State website entity search and in under 2 minutes, found all three, their addresses and/or their agents for service of process and the agents address. It did not take me hours, days, weeks or months to locate them. After some 6 months, Plaintiffs have yet to serve Sony/ATV Music Publishing, LLC and only served Warner Music Group and Atlantic a few weeks ago. Mr. Frank admits, it appears, that there has been no service on any of the UK defendants (most of which are not subject to the personal jurisdiction of this Court in any event).

      I also note that he also fails to mention and offers no explanation for the fact that plaintiffs did not even request the issuance of summonses until between December 13 and 15 2016, a month after this Court issued its first Order To Show Cause on November 16, 2016.

      Second, while Mr. Frank refers to a different case involving a different song by Ed Sheeran pending in California (which is what I believe triggered the filing of this case), that case has different defendants and is unrelated to this case other than there are some overlapping defendants. He also refers to other cases involving the named defendants (I have no idea what



Hon. Richard J. Sullivan
January 26, 2017
Page 2

defendants he is speaking of but I assume he is referring to Warner Music Group, Atlantic Recording Corporation and/or Sony/ATV Music Publishing, LLC, which are all major United States based music companies which are known to have their headquarters in New York City). As noted, these companies are all located in New York and can be located on the New York Secretary of State's website in a matter of minutes.

Third, Mr. Frank's submission refers to a series of communications I had with Mr. Frank in February 2016 when he announced he was suing and either had ready or had filed a complaint and he asked me about accepting service. While I will not burden the Court with that correspondence, I told him that before I could even inquire of the clients I then represented (which at the time, contrary to Mr. Frank's statement that I represented "all defendants," were limited to Ed Sheeran and Sony/ATV Music Publishing, LLC, not all defendants), I needed to see the complaint. Mr. Frank's contentions are illogical because without seeing a complaint, I do not know how could I possibly know who all the defendants might be, who I might and might not be representing and who I would even need to speak with in order to obtain authorization to accept service of process. Needless to say, he never provided me with a copy of the complaint and did not actually file the complaint until some 6 months later.

Fourth, while Mr. Frank's submission refers to my email in response to Ms. Rice's November 22, 2016 request (first made some six days after this Court's November 16, 2016 OSC) that I accept service of process – which was the first communication I had from either Mr. Frank or Ms. Rice since February 2016 – as a "screed" and containing "various acrimonious comments and threats" in fact my email did no such thing. I attach my email of November 23, 2016 hereto. I explained why I could not accept service of process, reiterated that the case was objectively unreasonable (consistent with the expert reports we had provided to Ms. Rice) and advised that if the case went forward, we would seek attorneys' fees under the Copyright Act.

Fifth, I do not know what efforts Plaintiffs have made to serve any of the foreign defendants or by what means they have attempted to do so but there are a number of foreign corporations named and while I doubt there is any basis for personal jurisdiction here, I am confident that these defendants can be served and are not moving their offices around to evade service. Plaintiffs could have initiated service under the Hague Convention back in August, but did not do so. And, to my knowledge, no service has been effected on any of the foreign defendants, including individuals and the foreign corporations which have fixed locations. In fact, Mr. Frank admits only two defendants have been served thus far, which is consistent with what Ms. Farkas advised Your Honor.

I would also note that Mr. Frank's comments about the supposed agent for Sony/ATV Music Publishing UK having first accepted service and that Sony/ATV Music Publishing UK then rejected it, that is not correct. In fact, CSC never accepted service for the United Kingdom company, nor could it have done so. The document was delivered to CSC, they processed it, recognized that they were not the agent for service of process for the United Kingdom company and then sent Plaintiffs a notice of rejection.



Hon. Richard J. Sullivan
January 26, 2017
Page 3

      Sixth, while Mr. Frank says that the delay in service does not prejudice the defendants, in fact there is prejudice and it underlies the requirement of service in a timely and diligent fashion. Claims have a statute of limitations. If a plaintiff files and then does little or nothing to serve, the statute is tolled by the filing. A dismissal of the case eliminates the tolling as if the complaint were not filed and as I recall, it will not relate back if a new case is filed. I have not studied the timing in this case but as time passes, I suspect that the statute of limitations applicable to copyright actions (3 years) will become an issue.

      Finally, Mr. Frank states he has no objection to a stay pending service, which is one of the remedies we suggested, although we do believe dismissal warranted. During that time, if Mr. Frank wants to discuss paring down his long list of defendants to focus on a US infringement claim, which, as I stated, we believe is baseless, we are happy to have such a dialog because we believe most of the foreign defendants he has named would be subject to a motion to dismiss for lack of personal jurisdiction (and are not engaged in exploiting the allegedly infringing song in the United States in any event). In the context of such a paring down and avoiding extensive motion practice, we would be willing to inquire of the authors of the allegedly infringing song whether they would authorize us to accept service of process. Of course, we are also willing to have that dialog if the case is dismissed.

      We are available at the Court's convenience should Your Honor wish to discuss this matter further.

      Respectfully submitted,

      */s/ Donald S. Zakarin*

Attachment
cc:    Counsel of Record (via ECF)

# Goldsmith, Andrew M.

| | |
|---|---|
| **From:** | Zakarin, Donald S. |
| **Sent:** | Thursday, January 26, 2017 10:21 AM |
| **To:** | Goldsmith, Andrew M. |
| **Subject:** | FW: Townsend/Sheeran Service |

-----Original Message-----
From: Zakarin, Donald S.
Sent: Wednesday, November 23, 2016 2:53 PM
To: 'Keisha D. Rice' <keisha.rice@gmail.com>
Cc: Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>
Subject: RE: Townsend/Sheeran Service

Mr. Rice:

Thank you for your note.   I am away for the holiday but I did not want to have your note left without a response.

It is truly strange that having filed this case months ago (undoubtedly encouraged by the filing of a totally different infringement claim on a totally different song), the first I hear from you about it is just a few days before the date on which the Court ordered the complaint dismissed for your failure to have served it.  What the Court does not know, of course, is that it is not merely that no proof of service has been filed but, to my knowledge, you have not even made any effort to serve the complaint on anyone.  Moreover,  you did not even reach out to us to ask about accepting service of process until after the Court issued its deadline Order for dismissal.  Even then you waited five more days, until the holiday week when many people are away, to contact us.

To begin with, I have no authority to accept service for any of the defendants, many of whom are foreign persons and entities.  Even as to the US entities, this is a holiday week, I am away and I suspect that the offices of the US entities are closed.  We did nothing to hinder your prosecution of this case - which we have told you from the beginning, is a baseless claim - and It is certainly not our responsibility or obligation to assist you in your belated attempt to cure the failure to even try to serve any of the parties you have chosen to name as defendants for months.  Nor will we remain silent should you attempt to dissuade the Court from dismissing the complaint by misrepresenting your efforts to procure service.

As I have said, we have been consistent in our discussions.  Your clients do not have a viable claim for infringement.  The assertion of other claims relating to other songs does not improve your clients' claim one iota.  We cannot prevent you or your clients from pursuing infringement claims but we can pursue attorneys' fees under applicable Supreme Court law for the bringing of claims that are objectively unreasonable and we believe that this claim is, under applicable standards, objectively unreasonable.  Indeed, more than a year ago we sent you an expert report by Dr. Ferrara confirming the lack of any viable claim of infringement in the hope of avoiding having to cause our clients and yours to incur unnecessary legal expense.

To be clear, if we are required to address the present case or, assuming it is dismissed, if you choose to file another case, we will pursue the recovery of attorneys fees under the Copyright Act.  If, as provided in the Court's Order, it dismisses the case on Monday, I strongly suggest that you not file another case.  The result will, I believe, be very expensive for your firm and your clients.

Donald S. Zakarin
Pryor Cashman, LLP
7 Times Square
New York, NY 10036
212-326-0108 (P)
212-798-6306 (F)
dzakarin@pryorcashman.com


-----Original Message-----
From: Keisha D. Rice [mailto:keisha.rice@gmail.com]
Sent: Tuesday, November 22, 2016 3:07 PM
To: Zakarin, Donald S. <DZakarin@PRYORCASHMAN.com>
Cc: Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>
Subject: Townsend/Sheeran Service

Mr. Zakarin

I hope this message finds you well and in preparation for some well-deserved holiday time. As we move forward in this matter, I am contacting you to coordinate service of documents and inquire as to whether you will accept service on behalf of all defendants. Please let me know as soon as possible so that we may move forward on this issue in a timely manner. I look forward to hearing from you soon.

Sincerely,


Keisha D. Rice, Esq.
Partner
Frank & Rice, P.A.
325 W. Park Ave.
Tallahassee, FL 32301
(850) 629-4168 Office
(850) 629-4184 Fax
(850) 591-2461 Cell
Keisha.rice@gmail.com
Keisha@frankandrice.com