UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/17

KATHRYN TOWNSEND GRIFFIN, *et al.*,

                Plaintiffs,

    -v-

EDWARD CHRISTOPHER SHEERAN, *et al.*,

                Defendants.

No. 16-cv-6309 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is a motion by Defendants Atlantic Recording Corporation ("Atlantic") and Warner Music Group Corporation ("WMG") to dismiss or, in the alternative, stay this action in light of Plaintiffs' failure to timely serve all Defendants. (Doc. No. 46.) For the reasons set forth below, the Court dismisses the complaint against all Defendants except Atlantic and WMG.

## I.  BACKGROUND

Plaintiffs commenced this action on August 9, 2016 by filing the Complaint, which names fifteen Defendants, several of whom reside or are headquartered in the United Kingdom ("UK"). (Doc. No. 1.) On November 16, 2016, after more than 90 days had elapsed and Plaintiffs had failed to file any affidavits of service, the Court issued an order informing Plaintiffs that this action would be dismissed without prejudice unless Plaintiffs either filed proof of service or showed cause why a further extension of the time limit for service was warranted. (Doc. No. 16.) *See* Fed. R. Civ. P. 4(m). On November 23, 2016, Plaintiffs submitted a letter to the Court indicating that they were diligently attempting to locate and serve all Defendants and requesting additional time in which to effect service. (Doc. No. 17.) Accordingly, the Court issued an order on November 28, 2016

extending Plaintiffs' time to serve Defendants to January 20, 2017.  (Doc. No. 18.)  Approximately two weeks later, Plaintiffs finally sought the issuance of summonses from the Court.  (Doc. Nos. 20–31.)  On January 19, 2017, Plaintiffs filed a "Notice of Filing Returns of Service" reflecting that WMG, Atlantic, and Sony/ATV Music Publishing Ltd. UK ("SATV UK") had been served with summonses and copies of the Complaint, and that Defendant Warner Music Group, Ltd. UK refused to accept service.  (Doc. No. 44.)  Plaintiffs submitted no proof that they had served or even attempted to serve any other Defendants.

On January 23, 2017, the Court issued an order setting dates for an initial conference and submission of a joint letter and case management plan.  (Doc. No. 45.)  On the same day, Defendants Atlantic and WMG submitted a letter requesting that the Court either dismiss this action for Plaintiffs' failure to take reasonable steps to serve all Defendants or stay this action until Plaintiffs have served all Defendants.  (Doc. No. 46.)  Atlantic and WMG asserted that SATV UK had not actually been properly served and that, consequently, Atlantic and WMG were the only two Defendants of the fifteen named in the Complaint that had been served.  The Court thereafter ordered Plaintiffs to respond to Defendants' request and specifically instructed Plaintiffs to explain: (1) exactly what attempts were made to locate and serve all Defendants before the Court's November 16, 2016 order (Doc. No. 16); (2) exactly what attempts were made to locate and serve all Defendants after the Court's November 16, 2016 order; (3) whether any of the fifteen named Defendants besides Atlantic and WMG had been properly served; (4) why the Court should not dismiss this action for Plaintiffs' failure to take reasonable steps to serve all Defendants in a case that was filed more than five months ago; and (5) in the alternative, why the Court should not stay this action until Plaintiffs have located and properly served all named Defendants.  (Doc. No. 47.)

2

Plaintiffs responded on January 26, 2017. (Doc. No. 48.) In their response, Plaintiffs concede that SATV UK informed them that service of process as to SATV UK was invalid, and that, as of January 20, 2017, the extended deadline for service, Plaintiffs had served just two of the fifteen named Defendants in this action. (*Id.* ¶ 24.) Plaintiffs nevertheless insist that they undertook "rigorous Pacer database research" and diligently attempted to locate and serve all Defendants between August and November of 2016. (*Id.* ¶¶ 10–11.) Plaintiffs further recount their attempts, after November 28, 2016, to retain a process service company to serve some of the internationally based Defendants in this action, although they acknowledge that, for various reasons, service of process on the international Defendants was unsuccessful. (*Id.* ¶¶ 20–22.) Plaintiffs concede that the Court can dismiss this action for failure to effect timely service. (*Id.* ¶ 24.) They request, however, that the Court instead stay the action pending service on all Defendants. (*Id.* ¶ 29.) On January 26, 2017, Atlantic and WMG filed a reply in which they renew their request that the Court either dismiss the case or issue a stay pending service on all Defendants. (Doc. No. 49 at 3.)

## II. DISCUSSION

The Federal Rules of Civil Procedure establish different time limits for service depending on whether service occurs in the United States or in a foreign country. Under Rule 4(m), defendants in the United States must be served within 90 days after the complaint is filed, although courts can extend the time for service "for an appropriate period" for good cause shown. Fed. R. Civ. P. 4(m). The 90-day time limit ordinarily does not apply to service in a foreign country under Rule 4(f), but courts may apply it if a plaintiff makes no effort to effect service overseas within 90 days. *See, e.g.*, *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005) (Rule 4(f)

3

exception for service in a foreign country "does not apply" if plaintiff makes no attempt to serve defendant in a foreign country); *Russo Sec., Inc. v. Ryckman*, 159 F. App'x 294, 295 (2d Cir. 2005) (same); *Mentor Ins. Co. (U.K.) v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993) (same); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (same). Otherwise, courts use a "flexible due diligence standard in determining whether service of process [on a foreign defendant] under Rule 4(f) is timely." *Ambriz Trading Corp. v. URALSIB Fin. Corp.*, No. 11-cv-4420 (SAS), 2011 WL 5844115, at *5 (S.D.N.Y. Nov. 21, 2011). Courts applying the flexible due diligence standard usually consider "the reasonableness and diligence of plaintiff's efforts to serve" and "[any] prejudice to defendants from the delay." *In re Crysen/Montenay Energy Co.*, 166 B.R. 546, 553 (S.D.N.Y. 1994) (citing cases).

Although the Complaint is somewhat vague about which Defendants must be served outside the United States – several Defendants are described as UK corporations or residents that nonetheless do business in the United States through entities located in New York – it appears that three Defendants (Sony/ATV Music Publishing, WMG, and Atlantic Records) are Delaware corporations doing business in New York (*see* Doc. No. 1 ¶¶ 18, 20, 22, 23), and the remaining twelve Defendants (Edward Sheeran, Gingerbread Man Records, Ed Sheeran, Ltd., Jake Gosling, Sticky Studios, Amy Wadge, Amy Wadge Records, SATV UK, Bucks Music Group, BDi Music Group, Atlantic Records UK, and Warner Music Group, Ltd. UK) are entities headquartered or individuals residing in the United Kingdom, some or all of which conduct business in New York and/or maintain offices in New York (*see id.* ¶¶ 13, 14, 15, 16, 17, 19, 21, 25). Of the three Defendants that can certainly be served in the United States, two (WMG and Atlantic) have been served. Of the twelve Defendants that may need to be served in the United Kingdom, none has

4

been served.  Plaintiffs' letter indicates that an attempt was made to serve Warner Music Group, Ltd. UK and SATV UK in the United States, apparently through their U.S. offices.  (*See* Doc. No. 48 ¶¶ 17–19.)  Those attempts were unsuccessful.  (*See id.* ¶¶ 18–19, 24.)  The letter also indicates that Plaintiffs retained a process service company, which attempted to serve Defendants Edward Sheeran, Jake Gosling, and Amy Wadge in the United Kingdom.  (*See id.* ¶¶ 20–22.)  Those attempts were also unsuccessful.  (*See id.* ¶ 22 (suggesting that the holiday season and Defendant Jake Gosling's alleged visit to South Africa prevented service).)  The letter does not mention any attempt to serve Defendants Sony/ATV Music Publishing, Gingerbread Man Records, Ed Sheeran, Ltd., Sticky Studios, Amy Wadge Records, Bucks Music Group, BDi Music Group, or Atlantic Records UK.

With respect to the three Defendants that can certainly be served in the United States and are therefore subject to Rule 4(m)'s 90-day time limit for service (Sony/ATV Music Publishing, WMG, and Atlantic Records), the Court dismisses the Complaint against Sony/ATV Music Publishing. Plaintiffs evidently made no attempt to serve Sony/ATV Music Publishing either in the original 90-day period for service or in the extended time period that the Court allowed.  *See, e.g.*, *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990) (dismissal appropriate where no attempt made to serve defendant within time period for service); *Smith v. Bray*, No. 13-cv-07172 (NSR) (LMS), 2014 WL 5823073, at *5 (S.D.N.Y. Nov. 10, 2014) (dismissal appropriate where "[p]laintiffs offer[ed] no explanation for their failure to effect proper service"); *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) (dismissal appropriate where plaintiffs made no effort to explain "unexpected difficulties" in effecting service); *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) (dismissal appropriate where

plaintiff "not only failed to even attempt to show good cause for his failure to serve . . . the unserved Defendants, he has also offered no explanation whatsoever for his neglect – even one falling short of good cause"); *see also Spinale v. United States*, No. 03-cv-1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005) ("In order to establish good cause for failure to effect service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control.").

Of the remaining twelve Defendants – all or most of whom may need to be served in the United Kingdom – the Court dismisses the Complaint against Defendants Gingerbread Man Records, Ed Sheeran, Ltd., Sticky Studios, Amy Wadge Records, Bucks Music Group, BDi Music Group, and Atlantic Records UK pursuant to Rule 4(m)'s 90-day time limit for service, which applies to these Defendants because no attempt was made to serve them whatsoever. *See, e.g.*, *DEF v. ABC*, 366 F. App'x 250, 253 (2d Cir. 2010) ("We have previously held inapplicable the foreign country exception to Federal Rule of Civil Procedure 4(m)'s [90]-day time limit for service where a party did not attempt service within the [90]-day limit and 'ha[d] not exactly bent over backward to effect service.'") (quoting *Montalbano*, 766 F.2d at 740); *Honeywell Int'l, Inc.*, 421 F.3d at 134 (applying Rule 4[m] to dismiss action against Japanese defendant where plaintiff did not attempt service at all). The Court also dismisses the Complaint against Defendants Warner Music Group, Ltd. UK and SATV UK pursuant to Rule 4(m)'s 90-day time limit for service, which applies to these Defendants because no attempt was made to serve them in the United Kingdom (and only a halfhearted attempt was made to serve them in the United States). *Montalbano*, 766 F.2d at 740 (foreign country exception to [90]-day service requirement "simply inapplicable" where plaintiff never attempted service in foreign country); *Honeywell Int'l, Inc.*, 421 F.3d at 134 (same).

Finally, the Court dismisses the Complaint against Defendants Edward Sheeran, Jake Gosling, and Amy Wadge pursuant to Rule 4(f)'s flexible due diligence standard. As an initial matter, the Court notes that dismissal for simple failure to follow the procedural requirements of Rule 4(f), regardless of Plaintiffs' delay, may be warranted here. In general, "Rule 4(f)(1) requires that service on a defendant in a foreign country that is a signatory to the Hague Convention be attempted according to the terms of the Hague Convention." *SEC v. Shehyn*, No. 04-cv-2003 (LAP), 2008 WL 6150322, at *2 (S.D.N.Y. Nov. 26, 2008) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99, (1988); *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299–300 (2d Cir. 2005)); *see also* Fed. R. Civ. P. 4(f)(1), Advisory Committee's Notes to the 1993 Amendment ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."). Alternative means of service are permitted under Rule 4(f) only if the Hague Convention or some other treaty does not apply, or if the court specially orders an alternative method. *See* Fed. R. Civ. P. 4(f)(2)–(3); *Arista Records LLC v. Media Servs. LLC*, No. 06-cv-15319 (NRB), 2008 WL 563470, at *1 (S.D.N.Y. Feb. 25, 2008) ("[A] plaintiff seeking [alternative means of service] under Rule 4(f)(3) must adequately support the request with affirmative evidence of the lack of judicial assistance by the host nation – conclusory assertions of the futility of Hague service are unavailing."). Here, since both the United States and the United Kingdom are signatories to the Hague Convention, service of process on the Defendants in the United Kingdom is governed by the Hague Convention. *See Burda Media*, 417 F.3d at 299–300. Plaintiffs, however, explain that they unilaterally decided not to follow the procedures established by the Hague Convention, because they thought those procedures would be too time consuming. (*See* Doc. No. 48 ¶¶ 20–21.) Rather than request an extension of time in which to effect service

7

under the Hague Convention or request that the Court authorize some other means of service under

Rule 4(f)(3), Plaintiffs simply directed their process service company to attempt hand service on

Defendants Edward Sheeran, Jake Gosling, and Amy Wadge, which has been unsuccessful. (*See id.*

¶ 21–22.)   Assuming that Plaintiffs' attempted hand service did not comport with the Hague

Convention – which Plaintiffs seem to concede, but which is not entirely clear, since signatories to

the Hague Convention sometimes allow alternative means, including hand service – Plaintiffs'

failure, for nearly six months, to follow the Hague Convention procedures or request a Rule 4(f)(3)

alternative would alone warrant dismissal. *See Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*,

No. 05-cv-4260 (GBD), 2006 WL 2015188, at *4 (S.D.N.Y. July 13, 2006) (dismissing complaint

where "plaintiff made no attempt to serve defendant . . . through means comporting with the Hague

Convention," and adding that "[p]laintiff's mere assertion that attempting to serve defendant . . .

through the Hague Convention would be futile is an insufficient defense").

Regardless of the Hague Convention, dismissal without prejudice is appropriate where a

plaintiff has not made reasonable efforts to effect timely service and has not demonstrated good

cause for failure to serve. *See DEF*, 366 Fed. App'x. at 253; *see also Transclick, Inc. v.

Rantnetwork, Inc.*, No. 11-cv-8171 (LTS), 2013 WL 4015768, at *3 (S.D.N.Y. Aug. 7, 2013)

("Where process or service of process is insufficient, '[t]he courts have broad discretion to dismiss

the action . . . .'") (quoting *Montalbano*, 766 F.2d at 740).   Plaintiffs here have not shown good

cause for their continued failure to serve Defendants Edward Sheeran, Jake Gosling, and Amy

Wadge.  In addition to the initial 90 days from August to November of 2016, Plaintiffs were granted

an extension, from November 28, 2016 to January 20, 2017, to serve the Defendants in this case.

Yet even after the extension, Plaintiffs waited an unreasonably long time – from November 28,

2016 until December 13, 2016 – to even request the issuance of summonses from the Court.  (*See* Doc. Nos. 20–31.)  Furthermore, Plaintiffs' proffered explanations for their process server's failure to effect service – a vague reference to the "holiday season" and Defendant Jake Gosling's alleged trip to South Africa – are woefully inadequate.  Even generously construed, "the holidays" extended for at most a few weeks and did not span the entire length of time Plaintiffs were given to effect service.  Moreover, a company that specializes in foreign service of process should, presumably, be capable of effecting service in South Africa as well as in the United Kingdom.  Mere difficulty does not constitute good cause for failure to serve.  *Shaw v. Rolex Watch U.S.A., Inc.*, 745 F. Supp. 982, 987 (S.D.N.Y. 1990) ("The fact that service of process may be difficult in no way acts as 'good cause' for failure to serve.").  Finally, Plaintiffs' dilatoriness is prejudicial to the unserved Defendants, since the filing of the Complaint several months ago continues to toll the statute of limitations.  Because Plaintiffs have not demonstrated that they made reasonable efforts to serve Defendants Edward Sheeran, Jake Gosling, and Amy Wadge, despite having ample time to do so, the Court finds that Plaintiffs have failed to exercise due diligence in effecting service and consequently dismisses the Complaint against those Defendants as well.  *See, e.g.*, *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012) (dismissal appropriate where plaintiff did not attempt service under Hague Convention, did not request an alternative under Rule 4(f)(3), and did not otherwise show good cause for failure to effect service); *Ambriz Trading Corp.*, 2011 WL 5844115, at *6 (same).  *Cf. Standard Commercial Tobacco Co. v. Mediterranean Shipping Co., S.A.*, No. 94-cv-7040 (PKL), 1995 WL 753901, at *1 (S.D.N.Y. Dec. 19, 1995) (service acceptable despite delay where plaintiff followed Hague Convention, delay was minor, and plaintiff demonstrated diligence in attempting service).

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT the Complaint is dismissed without prejudice against the following thirteen Defendants: (1) Sony/ATV Music Publishing; (2) Warner Music Group, Ltd. UK; (3) Sony/ATV Music Publishing, Ltd. UK; (4) Gingerbread Man Records; (5) Ed Sheeran, Ltd.; (6) Sticky Studios; (7) Amy Wadge Records; (8) Bucks Music Group; (9) BDi Music Group; (10) Atlantic Records UK; (11) Edward Sheeran; (12) Jake Gosling; and (13) Amy Wadge.

IT IS FURTHER ORDERED THAT the two Defendants that have been successfully served, Atlantic Recording Corporation and Warner Music Group Corporation, shall answer or otherwise respond to the Complaint by February 3, 2017, in accordance with the Court's January 27, 2017 order. (Doc. No. 50.) The parties are reminded that they must submit a joint letter and case management plan by February 16, 2017 and appear for an initial conference on February 24, 2017 in accordance with the Court's January 23, 2017 order. (Doc. No. 45.)

The Clerk of Court is respectfully directed to terminate the thirteen Defendants listed above from the case and to terminate the motion pending at docket number 46.

SO ORDERED.

Dated:        February 2, 2017
              New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE